The death of James Kerns was caused, as the jury have found, by the neglect or unskillfulness of the defendants' clerk in selling morphine instead of quinine. If the child had survived the injury, there is no doubt that *Page 434 
he could have maintained an action for the wrong done to himself. This being so, the statute (Laws of 1847, 575) declares that "the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages notwithstanding the death," c. The only condition, therefore, on which the right of the administrator to sue under the statute depends, is the common law right of the injured person to maintain an action if he were living. (Oldfield v. The HarlemR.R. Co., 4 Kern., .) It is not required that the person killed should be a husband, father or protector; although the legislature, in passing the act, were doubtless mainly influenced by the evident justice of compelling the wrong-doer to compensate families dependent in a greater or less degree for support on the life of the deceased. This disposes of one of the questions in the case.
In regard to the amount of damages, there was evidence proper for the consideration of the jury. It may be added that, as the statute expressly gives the right of action, nominal damages at least could be recovered. The motion for a nonsuit, made in part upon this ground, was properly denied.
Alice Kerns, the mother of the deceased and the only next of kin, was called as a witness to sustain the action, having first made a formal assignment of all her interest in the suit. The point mainly discussed on the argument was, that she ought not to have been allowed to testify. As sole next of kin, the amount recovered would be, in the language of the statute, for her "exclusive benefit." It has therefore been urged: First. That without an assignment she was the "person for whose immediate benefit" the suit was prosecuted; and Second. That the cause of action, being a personal tort, was unassignable. I am of opinion that this argument fails on both the grounds.
The statute declares that the action shall be brought in the name of the "personal representative," and that the *Page 435 
amount recovered shall be "distributed to the widow and next of kin," as provided by law in cases of intestacy. Alice Kerns was not therefore "immediately" entitled to receive the money which might be recovered. It would belong to her ultimately, but she could only take it from the hands of the administrator, as in other cases. The fund would first be subjected to the costs of the suit and of administration, and she would take whatever might be left. I see nothing, in short, to take the case out of the ordinary course of administration; and if I am right in this respect, then the question of Mrs. Kerns' admissibility as a witness has, I think, been already decided in this court. InFreeman v. Spaulding (2 Kern., 373), it was held that a residuary legatee was a competent witness for the executor, in a suit to recover moneys claimed to be due to the estate. It was there observed that the Code (§ 399) "applies only to a person into whose hands the money collected in the suit will necessarily go when it is received, or who might take it from the sheriff or the attorney as his own. It does not apply where the money cannot immediately, although it may ultimately, go into his hands." The test here suggested is the only one which is practicable, and it appears to me to be decisive of the present question.
The interest of Mrs. Kerns was also assignable. In respect to purely personal torts, it is true, that at common law, the right of action ceases with the life of the injured party. But in this case, although the tort was personal to the child who died, the statute comes in and declares that a right of action shall survive to the administrator. The theory of the statute is that the next of kin have a pecuniary interest in the life of the person killed, and the value of this interest is the amount for which the jury are to give their verdict. Neither the personal wrong, or outrage to the decedent, nor the pain and suffering he may have endured, are to be taken into the account. These would be the foundation of the action, and would furnish the criterion *Page 436 
of damages, if death had not ensued, and the injured party had brought the suit. But the claim of the administrator, and through him of the next of kin, is altogether different. The statute imputes to them a direct pecuniary loss in being deprived of a life to them of greater or less value. For example, in the present case, James Kerns was a minor; his mother was, by law, entitled to his services until he should come of age; of these she was deprived by the wrongful or negligent act of the defendants, which destroyed his life. The common law gave no action for this injury. The statute, possibly with greater justice, declares a different principle, and holds the wrong-doer liable to make compensation. It is not important to inquire whether the statute or the common law is the wisest in this respect. The interest which a person has in the life of another on whom he is dependant, or to whose services he is entitled, the legislature have chosen to regard as a pecuniary right; a right having the essential attributes of property, so that when it is taken away compensation is due. It is declared, moreover, that the next of kin take this compensation as distributees. The amount, after being recovered, is to go through a course of administration, and I can see no reason why the distributive share of any one entitled is not the subject of assignment, like other interests to be received through the same channel. Indeed, if the deceased child in this case had possessed other estate to be administered upon, the whole fund would belong to Mrs. Kerns, and the law, I am confident, would not distinguish, for any purpose, between the part of it now in question and the residue.
The statute says the amount recovered shall be for the exclusive benefit of the widow and next of kin, and on this ground it has been suggested that the claim of Mrs. Kerns would not survive her, and therefore, is not assignable. The statute does not justify such a conclusion. The intention of the legislature was to give the fund to the next of *Page 437 
kin of the person killed, to the exclusion of his creditors, and that intention is conveniently expressed in the language used. Distributive shares in the estates of intestates, like other choses in action, go to the personal representatives of the person entitled in case of his death, and I see no reason why such would not be the case in respect to a claim like the one under consideration.
The judgment should be affirmed.
All the judges concurring in this opinion,
Judgment affirmed.