*539
 
 Johnson, Ch. J.
 

 The only question in this case which requires to be noticed is that which is presented by the exception to the admission as a witness of Hynard, who originally owned the demand in suit, and who being indebted to Bridges assigned it to him on account of that debt, without any agreement that any part of the debt should by the mere assignment be extinguished. The Code of 1849, under which this suit was tried, provides in sections three hundred and ninety-eight and three hundred and ninety-nine that no person offered as a witness shall be excluded by reason of his interest in the event of the action, unless he be a party to the action or a person for whose immediate benefit it is prosecuted or defended. It has been decided in a number of cases that interest in the event, although obvious and direct, does not bring the witness into the position, which the exception in the statute points out, of a person for whose immediate benefit the action is prosecuted or defended. Thus in
 
 Quin, administrator,
 
 v.
 
 Moore
 
 (15
 
 N. Y.,
 
 432), which was an action by the administrator of an infant, although there were no debts, the mother, who was sole next of kin, was held to be a competent witness, as not being the person for whose immediate benefit the suit was prosecuted. The same doctrine in substance was decided in
 
 Butler
 
 v.
 
 Patterson
 
 (3
 
 Kern.,
 
 292) and
 
 Freeman
 
 v.
 
 Spalding
 
 (2
 
 Kern.,
 
 373). It is therefore obvious that, in considering the applicability of the exception in the statute, it is not so much the relation of the proposed witness to the event as to the action itself that forms the criterion on which such questions turn. In our opinion, unless the relation of the witness to the suit is such that he is substantially the party, so that he can control it, the case is not within the exception. Upon the facts in this case the suit is in no sense that of the witness. He could not direct whether or not it should be brought; he could in no way control its management; he would have no right to receive the money when collected, nor to discharge the judgment. The sole point of connection is that the money when received by the plaintiff will diminish
 
 *540
 
 the witness’s debt. This goes only to show an interest in the
 
 event,
 
 and therefore does not render the witness incompetent.
 

 The judgment should be affirmed.
 

 All the other judges concurring,
 

 Judgment affirmed.