Denio, J.
The witness was competent,, unless it can be said of him that he was a party for .'whose immediate’ benefit the action was defended. (Code of 1849,. §§ 398, 399.) A numbér "of cases'have been decided in which the proposed witness was connected in some manner with the plaintiff in the action; and- it has-been uniformly 'held that any degree of interest, however direct,, does not disqualify, unless the witness had an immediate-right to the money when" recovered by the nominal plaintiff. (Butler v.. Patterson, 3 Kern., 292; Freeman v. Spalding, 2 id., 373; Quin v. Moore, 15 N. Y., 432.) But these cases have but little bearing when the question concerns the relation which the witness sustains to the defendant. The distinction between nominal and beneficial plaintiffs was formerly one" of very' extensive application, and cases' were of frequent occurrence-' where the-forms of law required that one person should be the plaintiff on the record, while, for all substantial’purposes, another was the real plaintiff in interest, and it was to these cases, so far as the prosecution of suits was concerned, that the statute primarily related';-' but it is not often tliaisuch-a connection can exist between the defendant On the record and another person. Still, the statute contemplated that there might be cases in which the formal defendant would resist the plaintiff’s claim for the immediate benefit of *323 another person not a party to the record. In this case, it was admitted that the money which was claimed was really owing by the witness, if by any one, and that the formal parties defendant were simply his sureties. It was also admitted that the defence was interposed for his benefit; but the term immediate, which is used in the statute, was not employed in the admission. From the facts admitted, it is clear that if the defence proved successful, the effect would be immediately and absolutely to discharge the witness; and as the defence was interposed to accomplish that object, I do not see how we can hold the witness not to be within the exception, without denying any opération to this branch of the exception. In Howland v. Willetts (5 Seld., 170), we held, under this statute, that one who had agreed to indemnify the sheriff for taking property on an execution was not a competent witness in his behalf in an action brought against him for the taking. The principle there established must, I think, determine the present case. It did not appear in that case, any more than in this, that the witness had taken part in the defence by retaining the attorney, or the like; nor does that circumstance seem to me to be material. In no case of this kind could the recovery, if one should be had, be levied upon the witness’ property by virtue of process in the action. In such cases, subsequent proceedings would always be necessary to reach a defendant who was not such on the record. But upon the facts admitted, a judgment for the plaintiff, without any other circumstance, would establish the liability of the witness; while a successful defence would, as has been remarked, operate immediately and with all possible directness to discharge him. I am, therefore, of opinion that the decision of the Court of Common Pleas was correct, and that the judgment ought to be affirmed.
All the judges concurring,
Judgment affirmed.