HENRY THOMAS, *Appellant, v.* THE UNION PACIFIC R. R. CO:, *Respondent.*

ACTION BY FATHER.—A father cannot maintain an action at Common Law for the death of his son occasioned by negligence.

THE COMMON LAW IN UTAH.—The Common Law recognized as furnishing the measure of personal rights and the rule of judicial decision in this Territory. (see ante People *v.* Green, and First National Bank *v.* Kinner).

APPEAL from the Third District Court.

The facts appear in the opinion.

*J. C. Hemingray*, for Appellant.

*Hempstead & Kirkpatrick*, for Respondent.

LOWE, C. J., delivered the opinion of the Court :

Complaint shows that Joseph Thomas was the minor son of the Plaintiff; that on the 27th of October, 1869, he was a passenger on the Defendant's railroad train, and that by the negligence of the Defendant and its servants the train collided and the son was instantly killed.   The action was to recover damages for loss of the sons services, for burial expenses, and for general damages.

Demurrer to the complaint was sustained, and judgment rendered for the Defendant, from which the Plaintiff appeals, and the question is whether upon the above facts the action can be maintained.   That the death of a person caused by another does not give rise to a cause of action in any one, is a settled doctrine of the Common Law.   The cases to the point are numerous, of which the following are a few :   Higgins v. Butcher Yelverton, 89; Baker v. Bolton, 1 Camp. 493 ; Carey v. Berkshire R. R. Co., 1 Cush 475 ; Whitford v. Panama R. R. Co., 23 N. Y. 465 ; Quinn v. Moore, 15 N. Y. 432 ; Kramer v. Street R. R. Co., 25 Cal. 434 ; Osborn v. Gillett, Court of Exchequer, Hilary Term, 1873.   (Law Rep. for March 1873, London, p. 88.)   In Baker v. Bolton, *supra*, Lord Ellenborough said :   "In a Civil Court the death of a human being cannot be complained of as an injury," and this doctrine has ever since been uniformly followed. The case of Ford v. Monroe, 20 Wend. 210, which was to the contrary, was subsequently disapproved by the Court of Appeals.   Pack v. The Mayor of New York, 3 Comst. 493.   The particular case of the claim for a recovery by the father for loss of services, from the time of the death of his minor child to the period of majority, and for expenses of burial, has been held to be within the general rule as above stated.   This question was directly adjudicated in the case of Osborn v. Gillett,

above cited, in which the Court of Exchequer held that the special damages for loss of services and for burial expenses were not recoverable at Common Law. To the same effect is Quinn *v*. Monroe, 15 N. Y. 432.

As to the reasonableness of this doctrine it would be useless to speculate. It is so firmly established that we cannot disregard it unless we ignore the Common Law as a rule of decision. While this is conceded by the Plaintiff to be the rule of the Common Law, it is insisted that as the case is *res nova* here, we are at liberty to adopt a different rule if sufficiently commended to our judgment. We do not think so.

Although the Common Law has not been adopted in this Territory by any Statute, we entertain no doubt that it should be regarded as prevailing here, so far as it is not incompatible with our situation and government, and that it is to be resorted to as furnishing to that extent the measure of personal rights and the rule of judicial decision. Such is practically the extent of its adoption and recognition in the Federal Courts and in the several States, although it has been reached in some instances by enactment, and in some of the States and in the Federal Courts by course of judicial decision.

At the May Term, 1874, this Court held, in the case of the First National Bank of Utah *v*. Kinner, Emerson, J., giving the opinion of the Court, that the Common Law was a part of the Law of this Territory, and the proposition cannot be regarded as doubtful or requiring special elaboration.

For a full and satisfactory statement of the extent and principles upon which the Common Law has been adopted in this country, and inferentially applicable to this Territory, see Kent's Com. vol. 1, p. 343 and 472 ; Railroad Co. *v*. Keary, 3 O. St. 201–5; Drake *v*. Rogers, 13 O. St. 28.

Questions arising under the Statute of Limitations have been argued in this case, but they are the same as those in the case of Thomas & Wife *v*. U. P. R. R., decided at the present term.

There was no error in sustaining the demurrer to the complaint, and the judgment of the District Court is affirmed.