In the Matter of the Petition of CLARA MEEKIN, as Administratrix of LAURIE MEEKIN, Deceased, Respondent, to have Continued an Action, heretofore Pending in this Court Entitled CHARLES MEEKIN, as Administrator of LAURIE MEEKIN, Deceased, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

SURVIVAL OF ACTION FOR DEATH BY NEGLIGENCE AFTER DEATH OF ADMINISTRATOR WHO WAS SOLE NEXT OF KIN OF DECEDENT. An action brought by the sole administrator and next of kin of a decedent under section 1902 of the Code of Civil Procedure for negligently causing the death of his intestate, survives the death of such sole administrator and next of kin, and his personal representative may be substituted as plaintiff therein, since the right of action given by that section is to recover damages for wrongs done to the property, rights or interests of the beneficiaries thereof and not for injuries to the person of the decedent, and, therefore, is a property right which is not affected by the beneficiary's death but becomes a part of his estate.

*Matter of Meekin* v. *Bklyn. H. R. R. Co.*, 51 App. Div. 1, affirmed.

(Argued June 7, 1900; decided October 2, 1900.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 4, 1900, modifying and affirming as modi-

19

fied an order of Special Term reviving and continuing an action.

On the 5th of October, 1899, an action was brought by Charles Meekin, as administrator of his deceased daughter, Laurie Meekin, against the Brooklyn Heights Railroad Company, to recover damages for negligently causing her death. After issue was joined and the action had been placed on the calendar for trial, Charles Meekin died and the petitioner was appointed administratrix of his estate. Upon a petition showing the foregoing, among other facts, she applied at Special Term, on notice, for an order to revive and continue the action in her name as plaintiff. The motion was opposed, and upon the hearing it appeared that Charles Meekin was the sole next of kin of Laurie Meekin, who, however, left her mother, five brothers and six sisters her surviving. From an order granting said motion, with costs, the railroad company appealed to the Appellate Division of the second department, which affirmed the order after striking out the award of costs. Subsequently, leave to appeal from the order of affirmance was granted and the following question certified for decision: "Does an action to recover damages for negligently causing the death of his intestate survive the death of the administrator, who was also the father and sole next of kin of the deceased, where such intestate left her surviving other persons, who, had such father not survived said intestate, would have been next of kin of such deceased?"

*John L. Wells* for appellant. The cause of action abated upon the death of Charles Meekin, who, at the time of the death of Laurie Meekin, was her sole next of kin. (R. S. [9th ed.] 1907; Code Civ. Pro. §§ 1902–1904; *Mundt* v. *Glokner*, 24 App. Div. 110; *Hegerich* v. *Keddie*, 99 N. Y. 258; *Cregin* v. *B. C. R. R. Co.*, 75 N. Y. 194; *Wooden* v. *W. N. Y. & P. R. R. Co.*, 126 N. Y. 15; *Brackett* v. *Griswold*, 103 N. Y. 425; *Woodward* v. *C. & N. W. R. R. Co.*, 23 Wis. 400; *State* v. *B. & O. R. R. Co.*, 17 Atl. Rep. 88; *Taylor* v. *W. P. R. Co.*, 45 Cal. 323; *Westcott* v. *C. V. R. R. Co.*, 61 Vt. 438; *Harvey* v. *B. & O. R. R. Co.*, 70 Md. 319.)

*Isaac M. Kapper* for respondent. The statute has made the cause of action a property right, and it follows that the cause of action survived the death of the father in favor of those who, had the father not been living at the death of the intestate, would have been next of kin. (*Quin* v. *Moore*, 15 N. Y. 432; *Greene* v. *H. R. R. R. Co.*, 31 Barb. 260; *Pineo* v. *N. Y. C. & H. R. R. R. Co.*, 34 Hun, 80; *Cregin* v. *B. C. R. R. Co.*, 83 N. Y. 595; *Stephen* v. *Woodruff*, 18 App. Div. 625; *Furman* v. *Van Sise*, 56 N. Y. 435; *Keenan* v. *B. C. R. R. Co.*, 145 N. Y. 350.)

Vann, J.  By the act of 1847, now substantially embodied in the Code of Civil Procedure, a right of action, unknown to the common law, was created, which has since been perpetuated by the Revised Constitution. (L. 1847, ch. 450; Const. art. 1, § 18. The personal representatives of a decedent who left a husband, wife or next of kin are authorized to " maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued." (Code Civ. Pro. § 1902.) The damages recovered in such an action " are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration." (Id. § 1903.)  " The damages awarded to the plaintiff may be such a sum as the jury   *   *   *   deems to be a fair and just compensation for the *pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought.*" (Id. § 1904.)

The Revised Statutes, which are modified to some extent by these provisions of the Code, authorize an executor or administrator to maintain an action " for wrongs done to the property, rights or interests of another," after his death, against the wrongdoer, and after *his* death " against his execu-

tors or administrators in the same manner and with the like effect in all respects as actions founded upon contract." This provision, however, does not extend to actions for slander, libel, assault and battery, or false imprisonment, nor to actions " for injuries to the person of the *plaintiff or to the person of the testator or intestate of any executor or administrator.*" (2 R. S. [9th ed.] 1907.)

The question, therefore, is whether the right of action created by the act of 1847 and continued by the Code of Civil Procedure, is to recover damages for wrongs done to the property rights or interests of another, or for injuries to the person of the decedent. Some confusion has arisen because the statute creates a property right out of an injury to the person, and confers it not upon the one injured but upon his representatives for the benefit of his wife and next of kin. The theory of the statute is that damages should be recovered for injuries to the estate of the beneficiaries of the action, which injuries were caused by the death of the decedent. The beneficiaries named in the statute sustain such a legal relation to the deceased by blood or marriage that it is presumed they would have been pecuniarily benefited by his continuance in life, and hence damages are allowed for a wrongful act or omission causing his death. If he had lived, the support, education or services required from him by law, as well as benefits in the nature of gifts conferred in the past, might have been continued, to the pecuniary advantage of the beneficiary. So, the decedent, by continuing to live, might increase his estate and thus increase the amount to be inherited from him upon his death in the course of nature. Hence, the statute declares that the damages awarded shall be a fair and just compensation for the *pecuniary* injuries resulting from the death, not to the person injured, but to the person for whose benefit the action is brought. While a personal injury must cause the death, damages are allowed, not for an injury to the person deceased, but for an injury to the estate of the beneficiary. The statute thus contemplates the indirect rather than the direct effect of the wrongful act. This is evident

from the well-settled law that nothing can be recovered for the pain or suffering of the deceased, if he lingers before dying, or for punitive damages, even when aggravating circumstances would warrant them if the action were between the person injured and a person inflicting the injury. The amount of damages in this class of cases depends upon the value of the reasonable expectation of pecuniary benefits from the continuance in life by the decedent to the husband or wife and next of kin. This is a right of property which becomes vested in the beneficiaries at the moment of death and can be converted into money through a statutory action brought for their benefit by the personal representatives, who are simply trustees for the purpose. (*Wooden* v. *W. N. Y. & P. R. R. Co.*, 126 N. Y. 10.) The damages bear interest from the date of the death, in accordance with the general rule relating to injuries to property, which is never applied in cases of injury to the person. When collected, the damages are distributed " as if they were unbequeathed assets." Thus the statute creates a right of action for damages to the estate of the beneficiaries, caused by a wrongful act or omission, which deprived them of some pecuniary benefit reasonably to be expected from the continuance in life of the decedent. That right of action was the property of the beneficiary which was not forfeited by his death, but became a part of his estate. No order of revivor would have been necessary in this case if the beneficiary had not been the sole administrator. The weight of authority is in accordance with these views, although the gradual development of the law upon the subject has resulted in some diversity of opinion. While the question was not up in one of the early cases, it was touched upon during the discussion. (*Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 310, 316.)

In *Quin* v. *Moore* (15 N. Y. 432) it was held that the interest of the beneficiary was capable of assignment, which is a test of the right to revive. In deciding the case the court said : " The interest of Mrs. Kerns was also assignable. In respect to purely personal torts, it is true that at common law,

the right of action ceases with the life of the injured party. But in this case, although the tort was personal to the child who died, the statute comes in and declares that a right of action shall survive to the administrator. The theory of the statute is that the next of kin have a pecuniary interest in the life of the person killed, and the value of this interest is the amount for which the jury are to give their verdict. Neither the personal wrong, or outrage to the decedent, nor the pain and suffering he may have endured, are to be taken into the account. These would be the foundation of the action, and would furnish the criterion of damages, if death had not ensued, and the injured party had brought the suit. But the claim of the administrator, and through him of the next of kin, is altogether different. The statute imputes to them a direct pecuniary loss in being deprived of a life to them of greater or less value. For example, in the present case, James Kerns was a minor; his mother was, by law, entitled to his services until he should come of age; of these she was deprived by the wrongful or negligent act of the defendants, which destroyed his life. The common law gave no action for this injury. The statute, possibly with greater justice, declares a different principle, and holds the wrongdoer liable to make compensation. * * * The interest which a person has in the life of another on whom he is dependent, or to whose services he is entitled, the legislature have chosen to regard as a pecuniary right; a right having the essential attributes of property, so that when it is taken away compensation is due." In a later case it was said in a dissenting opinion, written by the same judge, that these views were, in some respects, not well considered. ( *Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465, 489.) The cases must be read in connection with the statute in force at the time they arose, and hence *Dickins* v. *N. Y. C. R. R. Co.* (23 N. Y. 158) has no significance, because the act did not include the husband as a beneficiary.

When the *Tilley* case was first before the court it was held that there could be no recovery for the expectancy of the

children of a married woman from her earnings, because, as the law then stood, such earnings became the property of her husband as soon as realized. The question relating to the value of "probable succession" was discussed with a strong intimation that it was the proper basis of damages. (*Tilley* v. *Hudson R. R. R. Co.*, 24 N. Y. 471, 474.)

That case came before the court a second time in 29 N. Y. 252, where it was held that in an action for negligence, resulting in the death of a mother, evidence of her capacity for business and to save money, and also to bestow upon her children such training, instruction and education as would be pecuniarily serviceable to them in after life, is admissible on the question of damages. In the course of its opinion the court said with reference to these elements of damages that "It is not essential to show that they *necessarily* result in direct pecuniary advantage; it is sufficient that they may do so; that they often do so; that it is possible and not improbable that such may be the result, and that, therefore, these items may be set forth and presented for the consideration and deliberation of the jury, to be disposed of as they shall deem to be just." To the same effect are *McIntyre* v. *N. Y. C. R. R. Co.* (37 N. Y. 287, 289); *O'Mara* v. *H. R. R. R. Co.* (38 N. Y. 445), and *McGovern* v. *N. Y. C. & H. R. R. R. Co.* (67 N. Y. 417, 424).

In *Oregin* v. *Brooklyn Crosstown R. R. Co.* (75 N. Y. 192, 194) the court said: "The rights and interests, for tortious injuries to which this statute preserves the right of action, have frequently been considered, and it is generally conceded that they must be pecuniary rights or interests, by injuries to which the estate of the deceased is diminished." That is, by diminishing his estate, the value of the right of inheritance is diminished, and thus the beneficiaries are injured in their estate.

In *Hegerich* v. *Keddie* (99 N. Y. 258) it was held that the cause of action for damages from negligence resulting in death abates upon the death of the wrongdoer, and that an action cannot be maintained against his representatives. This is a

necessary result from the fact that the Code modifies the Revised Statutes and the common law only as to the personal representatives of the person injured, and not as to those of the person who inflicted the injury.

In *Littlewood* v. *Mayor, etc.* (89 N. Y. 24), it was held that "when one injured by the wrongful act, neglect or default of another brings suit and recovers damages for the injury in his lifetime, in case death subsequently results from the injury, his personal representatives cannot maintain an action under the Act of 1847." As a matter of course, the beneficiaries, in the absence at least of express authority from the legislature, could not have in effect a double recovery, *first*, through the settlement with the intestate and inheritance from him, and *second*, through the action under the statute.

It appears from an examination of the record in *Thomas* v. *Utica & Black River R. R. Co.* (6 Civ. Pro. R. 353; 34 Hun, 626; 98 N. Y. 649) that the trial court submitted to the jury the following question upon the subject of damages: "What was the reasonable expectation of pecuniary benefit to the next of kin, by inheritance or otherwise, from the continuance in life of the deceased, worth in money?" In that case the deceased was an unmarried man who left him surviving only brothers and sisters and children of deceased brothers or sisters, and it was held in all the courts that the question submitted to the jury embraced the correct measure of damages.

So in *Keenan* v. *Brooklyn City R. R. Co.* (145 N. Y. 348, 350) it was said: "The jury, in determining the amount of damages that should be awarded, was in duty bound to consider the various elements of pecuniary loss sustained by the father. First, the probable earnings of the son during his minority over and above his support, clothing and education; next, the probability of his living and becoming of sufficient ability to support his father in case of his becoming aged, poor and unable to support himself; and then they had the right to consider the amount he would have brought to his next of kin while living and their prospect of inheriting

from him after death. (*Johnson* v. *Long Island R. R. Co.*, 80 Hun, 306 ; affirmed in this court 144 N. Y. 719.)" See, also, Thomas on Negligence, 465 ; Sedgwick on Damages, § 572 ; 3 Sutherland on Damages, 282 ; *Terry* v. *Jewett*, 78 N. Y. 338 ; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 72 ; *Murphy* v. *N. Y. C. & H. R. R. R. Co.*, 88 N. Y. 445 ; *Houghkirk* v. *D. & H. C. Co.*, 92 N. Y. 219 ; *Harlinger* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 661 ; *Lockwood* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 523 ; *Mundt* v. *Glokner*, 24 App. Div. 110.

Thus it appears, both from the statute and the authorities, that the damages awarded for the negligent act· are such as result to the property rights of the person or persons for whose benefit the cause of action was created. Nothing is allowed for a personal injury to the personal representatives or to the beneficiaries, but the allowance is simply for injuries to the estate of the latter caused by the wrongful act. The statute, as it has been held, is not simply remedial, but creates a new cause of action in favor of the personal representatives of the deceased, which is wholly distinct from and not a revivor of the cause of action, which, if he had survived, he would have had for his bodily injury. " Although the action can be maintained only in the cases in which it could have been brought by the deceased, if he had survived, the damages nevertheless are given upon different principles and for different causes. In an action brought by a person injured, but not fatally, by the negligence of another, he recovers for his pecuniary loss, and in addition for his pain and suffering of mind and body, while under the statute it is not the recompense which would have belonged to him, which is awarded to his personal representative, but the damages are to be estimated with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person." (*Whitford* v. *Panama R. R. Company, supra.*) As, in the language of the statute, " the damages awarded to the plaintiff " are to be estimated on the basis of " a fair and just compensation for the pecuniary injuries resulting from

the decedent's death to the person or persons for whose benefit the action is brought," we think the injury is for a wrong done " to the property, rights or interests " of the beneficiary, and that, hence, the cause of action survives, the recovery, if any, being a part of his estate, the same as it would have been if collected and paid over before his death.

The order appealed from should, therefore, be affirmed, with costs, and the question certified to us answered in the affirmative.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, LANDON and CULLEN, JJ., concur.

Order affirmed.