> Where attorneys are employed to recover damages for personal injuries caused by the negligence of a railroad company in consideration of one-half of any settlement made, and the client dies before such settlement, a fund paid by the railroad company to the executors of the deceased is not subject to the claim of the attorneys for their services, as the fund is in settlement of the damages suffered by the estate, and not those suffered by the decedent.

In the matter of the settlement of the executors of the estate of John Carrig, deceased. Claim of certain petitioners dismissed.

Crangle & Burke, for executors.
Laughlin & Ewell, for claimants.

MARCUS, S. This proceeding arises on the settlement of the accounts of the executors under a stipulation allowed by section 1822 of the Code. A contract was made by claimants with the deceased, which provided that the claimants were to bring suit for deceased against the Delaware, Lackawanna & Western Railroad Com-

pany for bodily injuries caused by a train operated by the company. The contract further provided that claimants should "receive nothing for their services if no sum is recovered either by settlement or judgment." On the other hand, if said injuries are settled for, or a judgment therefor recovered, the claimants "are to have one-half of any settlement so made or judgment so recovered." Said Carrig further agreed that he would not settle said action without the consent of the claimants. Carrig died before such suit was brought, but not until claimants had spent considerable time in preparing themselves by way of investigation into the evidence and law which was required to make possible a successful result. The executors of his estate made a settlement with the railroad company, and the claimants seek to recover on quantum meruit for services rendered.

Any right of action for damages on account of bodily injuries was extinguished by the death of Carrig, and when his executors made a settlement with the railroad company it was on an entirely different and separate proceeding and new cause of action not comprehended by the contract. "The compensation for the bodily injuries remains extinct, but a new grievance of a distinct nature, namely, the deprivation suffered by the wife and children or other relatives, of their natural support and protection, arises upon his death, and is made by the statute the subject of a new cause of action in favor of these surviving relatives, but to be prosecuted in point of form by the executor or administrator." Whitford v. Railroad Co., 23 N. Y. 470. It was also held in Meekin v. Railroad Co., 164 N. Y. 153, 58 N. E. 53, 51 L. R. A. 235, 79 Am. St. Rep. 635, that "it appears, both from the statute and the authorities, that the damages awarded for the negligent act are such as result to the property rights of the person or persons for whose benefit the cause of action was created. Nothing is allowed for a personal injury to the personal representatives or to the beneficiaries, but the allowance is simply for injuries to the estate of the latter, caused by the wrongful act. * * * 'Although the action can be maintained only in cases in which it could have been brought by the deceased, if he had survived, the damages nevertheless are given upon different principles and for different causes.'" The cause of action settled by the executor is wholly distinct from the one contemplated by the contract, and, inasmuch as the compensation was conditional upon recovery either by settlement or judgment with the deceased against the railroad company for bodily injuries to Carrig, the claimants must fail.

Petitioners' claim dismissed, without costs.