## MELLA v. NORTHERN S. S. CO.

(Circuit Court, S. D. New York. December 14, 1903.)

1. WRONGFUL DEATH—ACTIONS—BENEFICIARIES—RELEASE.

Under Code Civ. Proc. N. Y. § 1902, providing that in an action for wrongful death the damages recoverable are exclusively for the benefit of the decedent's husband or wife and next of kin, a widow was entitled to release a cause of action for wrongful killing of her husband prior to her appointment as her husband's administratrix.

Ralph S. Rounds, for demurrer.

Frank Brundage, opposed.

WALLACE, Circuit Judge. The plaintiff has demurred to the fourth defense set up in the answer. The plaintiff is the widow of Louis Mella, and sues as administratrix of his estate to recover the pecuniary damages accruing to her as his widow, and to his next of kin, by reason of his death through the negligence of the defendant. The complaint alleges that the decedent died June 11, 1902, and that plaintiff was appointed administratrix September 15, 1902. The defense alleges a release by the widow, executed to the defendant July 12, 1902, for a sufficient consideration, of all claims and causes of action arising from the death of the decedent.

Under the statute upon which the plaintiff's cause of action is founded the damages recoverable are "exclusively for the benefit of the decedent's husband or wife and next of kin." Code Civ. Proc. N. Y. § 1902. They are a property right, which becomes vested in the beneficiaries at the moment of the decedent's death, and can be converted into money through an action brought for their benefit by the personal representatives, who are simply trustees for the purpose. The right of action becomes a part of the estate of the beneficiary, and survives his death. Wooden v. W. N. Y. & P. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803; Matter of Meekin v. B. H. R. R. Co., 164 N. Y. 149, 58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635. As the interest of the beneficiary is a property right, and passes on his death to his personal representatives, it necessarily is capable of assignment in the absence of anything in the statute indicating that the Legislature intended that it should not be. It was decided to be assignable in Quin v. Moore, 15 N. Y. 432. If the plaintiff could have made a valid assignment of her interest in the damages, there seems to be no reason why her release should not be a defense to the action to the extent of her interest in the recovery.

Stuber v. McEntee, 142 N. Y. 200, 36 N. E. 878, relied upon by the plaintiff as an authority to the contrary, is not decisive, and ought not to control the case. In that case a settlement of the cause of action was made between the defendant and a brother-in-law of the decedent, who was subsequently appointed an administrator. The only point necessarily involved was whether such a settlement was a defense. The person who assumed by the settlement to release the claim had no interest in the recovery, and was not one of the beneficiaries named in the statute. He was a mere stranger, and the only ground upon which it could be claimed that his act was of any validity was that upon his appointment as administrator the letters related back to give it validity. The court said:

"If there is any such rule of law in the administration of the estates of deceased persons, it has no application in an action like this for the recovery of unliquidated damages under a special statute by the next of kin, resulting from a negligent or wrongful act causing the death of their intestate."

Demurrer overruled.