(174 App. Div. 39)

### RICE v. POSTAL TELEGRAPH-CABLE CO.

(Supreme Court, Appellate.Division, Fourth Department.   June 15, 1916.)

1. DEATH ⊜⟿31(3)—ACTIONS—PERSON ENTITLED TO SUE—PERSONAL REPRE-
SENTATIVE.
      Under Code Civ. Proc. §§ 1902–1905, the right of action for negligently
   causing death is conferred upon the administrator, and not upon the next
   of kin.
      [Ed. Note.—For other cases, see Death, Cent. Dig. § 38;   Dec. Dig.
   ⊜⟿31(3).]

2. ASSIGNMENTS ⊜⟿24(1)—RELEASE ⊜⟿2—ACTIONS—BENEFICIARIES—RIGHT
IN ACTION.
      While Code Civ. Proc. §§ 1902–1905, confers the right of action for negli-
   gently causing death upon the administrator, yet the next of kin, for
   whose benefit the action is maintained, has a property right therein,
   which may be assigned or released.
      [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 42, 44, 45;
   Dec. Dig. ⊜⟿24(1);   Release, Cent. Dig. §§ 2, 3;   Dec. Dig. ⊜⟿2.]

3. FRAUD ⊜⟿29—ACTIONS—PERSONS ENTITLED TO SUE—NEXT OF KIN.
      A next of kin may sue for being fraudulently induced to release his
   claim against defendant for negligently causing death, since Code Civ.
   Proc. §§ 1902–1905, does not affect a fraud action based on the next of
   kin's property right in the negligence action.
      [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 25;   Dec. Dig.
   ⊜⟿29.]

Appeal from Special Term, Monroe County.

Action by Clark H. Rice against the Postal Telegraph-Cable Com-
pany.   From an order and interlocutory judgment overruling defend-
ant's demurrer to the complaint, defendant appeals.   Affirmed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MER-
RELL, and DE ANGELIS, JJ.

Hugh Satterlee, of Rochester, for appellant.
Earl F. Case, of Rochester, for respondent.

LAMBERT, J.   This action is in form to recover damages for
fraud, and arises out of the following facts: It is alleged that, prior to
the bringing of this action, Charles Rice, plaintiff's son, met his death
under circumstances rendering the defendant liable for negligently
causing same.   The plaintiff, father of the intestate, was his sole next
of kin.   Following the death of Charles Rice, the defendant and the
plaintiff in this action negotiated a settlement wherein the plaintiff ex-
ecuted and delivered to the defendant a written release of whatever
claim he might have against the defendant on account of such death.
The complaint alleges that such release was procured by false and
fraudulent representations, and that by reason of such fraud plaintiff
was deprived of his right to damages because of the negligent killing
of said Charles Rice.

The defendant demurs upon three grounds: First, that the plaintiff
has not the legal capacity to sue; second, that there is defect of parties
plaintiff; third, that the complaint does not state facts sufficient to con-
stitute a cause of action.

⊜⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Briefly summarized, the position of the defendant is that by sections 1902, 1903, 1904, and 1905 of the Code of Civil Procedure the Legislature has conferred the right of action for negligently causing death upon the administrator, as distinguished from the next of kin, and that therefore only an administrator is entitled to bring action for any damages growing out of negligence causing death. There is no doubt that the Legislature has conferred the right of action in negligence upon an administrator, and that an administrator alone can prosecute such an action in negligence.

[2] The legal status of the next of kin, as affected by these sections, has been frequently discussed by the courts, and it seems to be well settled that, although the right of action is vested in the administrator, yet, by reason of the fact that such action is for the benefit of the next of kin, each of the next of kin becomes vested with a property right in such a cause of action, and a right that is descendable and transferable. Meekin v. B. H. R. R. Co., 164 N. Y. 145, 58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635; Quin v. Moore, 15 N. Y. 432. In line with such conception of the rights of the next of kin under this statute are those holdings which determine that a release from the next of kin bars an action by the administrator. Doyle v. N. Y., O. & W. R. R. Co., 66 App. Div. 398, 72 N. Y. Supp. 936.

[3] The demurrer conceding the truth of the allegations of the complaint, we must assume that Charles Rice met his death under circumstances rendering the defendant liable to compensate therefor in damages. Immediately thereupon the plaintiff herein became seised of a property right in such cause of action. That property right he has been deprived of through the fraud of the defendant. Upon the plainest principles of law, this entitles him to recover his provable damages for such fraud. The action being in fraud, and not in negligence, it remains unaffected by the provisions of the above-mentioned sections limiting the right to recover in negligence to the administrator. This is all I can see in this case.

I recommend an affirmance, with costs, and the usual permission to plead over within 20 days, upon payment of same. All concur.