THE TRAVELERS INSURANCE COMPANY, Respondent, *v.* LOUIS PADULA COMPANY, INC., Appellant.

First Department, June 7, 1918.

Negligence — action for negligent causing of death — Code of Civil Procedure, section 1902, construed — right to maintain action vested in executor or administrator of deceased not assignable by next of kin — assignment of right of action by next of kin to " insurance carrier "— statutes — repeal by implication — Workmen's Compensation Law, section 29, construed.

A cause of action for the negligent causing of death, now embodied in section 1902 of the Code of Civil Procedure, is entirely statutory.

Such a right of action is vested by the statute in the executor or administrator of the deceased for the benefit of the next of kin, each of them becoming vested with a further right in such cause of action that is descendible and transferable or which they can release, but if the next of

kin do assign their interest, the assignee does not acquire the right to prosecute the action which is vested in the executor or administrator of the deceased.

Since the next of kin cannot bring the action, they cannot assign to another such right.

Hence, where the widow and children of a deceased employee, killed by the negligence of third persons, elect to take compensation under the Workmen's Compensation Law, and not to pursue their remedy against the employer of said third persons, and assign their cause of action against said employer to the "insurance carrier" of the employer of their decedent, said assignee does not acquire the right to maintain the action.

Section 29 of the Workmen's Compensation Law, providing that "such a cause of action assigned to the State may be prosecuted or compromised by the Commission," does not operate to repeal by implication the provisions of section 1902 of the Code of Civil Procedure in so far as the cause of action relates to claims to compensation under said law, especially where there is no conflict between the two statutes.

Repeals by implication are not favored and should not be extended by analogy or construction, unless absolutely necessary.

APPEAL by the defendant, Louis Padula Company, Inc., from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of March, 1918, overruling his demurrer to the complaint.

*Samuel H. Sternberg,* for the appellant.

*Amos H. Stephens* [*William B. Davis* of counsel], for the respondent.

PAGE, J.:

The action is to recover the pecuniary damages to the next of kin, resulting from the negligent causing of the death of one Adolph Littman on May 29, 1915, who, while in the employ of the Brandt & Silverstein Iron Works, sustained certain injuries due to the alleged negligence of third persons, the defendant's employees, which resulted in his death. He left him surviving a widow and two minor children. His employer had secured compensation to its employees under the provisions of the Workmen's Compensation Law, by insuring with the plaintiff, as "insurance carrier." The widow and children elected to take compensation under the Workmen's Compensation Law, and not to pursue their remedy against

the defendant, and assigned their cause of action against the defendant to the plaintiff, who thereupon brought this action. The defendant has demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

The cause of action for the negligent causing of death is entirely statutory, and was created by statute, which is now embodied in section 1902 of the Code of Civil Procedure.

" The interest which a person has in the life of another on whom he is dependent, or to whose services he is entitled, the Legislature have chosen to regard as a pecuniary right; a right having the essential attributes of property, so that when it is taken away compensation is due." (*Quin* v. *Moore*, 15 N. Y. 432; *Matter of Meekin* v. *B. H. R. R. Co.*, 164 id. 145, 149.)

The right of action is vested by section 1902 in the executor or administrator of the deceased for the benefit of the next of kin, each of the next of kin becoming vested with a property right in such cause of action that is descendible and transferable, or which they can release. (*Rice* v. *Postal Telegraph-Cable Co.*, 174 App. Div. 39, 40; affd., 219 N. Y. 62 9.) If the next of kin do assign their interest, the assignee takes their interest, and not the right to prosecute the action that is vested in the executor or administrator of the deceased. The next of kin cannot bring the action; therefore, they cannot assign to another a right that they do not possess. Section 29 of the Workmen's Compensation Law provides: " Such a cause of action assigned to the State may be prosecuted or compromised by the Commission." (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 29. Since amd. by Laws of 1916, chap. 622, and Laws of 1907, chap. 705.)

From this the learned justice at Special Term argues that this section operates to repeal by implication the provisions of section 1902 of the Code of Civil Procedure, in so far as the cause of action relates to claims to compensation under said act. Without determining what the effect would be where a conflict arises in the terms of the two acts, until a case arises in which the question is involved, it is sufficient to say that there is no conflict in this case. The action is to be prosecuted by the Commission when the claim is assigned to

the State, but it is not stated that the action is to be prosecuted by the insurance company when the claim is assigned to the " insurance carrier."

Repeals by implication are not favored, and should not be extended by analogy or construction, unless absolutely necessary. The learned justice admits that, if there were next of kin, who were not dependents, and, therefore, their rights would not pass by the assignment of the dependents to the insurance carrier, complications would arise that would compel him to a different holding, as it would not be presumed that the Legislature would intend to sanction the splitting of a single cause of action. This difficulty is obviated, if we hold, as in my opinion we should, that this action must be prosecuted by an executor or administrator of the deceased.

In the event of recovery, if those who would be entitled to its benefits are those alone who have assigned their interest in the cause of action to this plaintiff, then the plaintiff will receive the entire amount recovered. If, however, there should be next of kin, other than those who have assigned their rights, the plaintiff would receive the distributive share of those who have assigned, and the others will receive their share. This, however, is a matter that relates to the distribution of the recovery, and not to the right to maintain the action.

The interlocutory judgment should, therefore, be reversed, with costs, the demurrer sustained, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

Judgment reversed, with costs, demurrer sustained and complaint dismissed, with costs.