## In re FAHYS.

District Court, S. D. New York.

Feb. 23, 1937.

530

William Edelson, of New York City, for trustee.

Maxwell Green, of New York City (Milton Schaffer, of counsel), for bankrupt.

PATTERSON, District Judge.

The bankrupt asked for a determination of his rights concerning two items. The first was a fund collected by the trustee in bankruptcy from the Metropolitan Life Insurance Company. The bankrupt had been employed as insurance agent and had placed policies of insurance prior to bankruptcy. The fund in question consisted of the bankrupt's commissions on premiums paid on such policies after the adjudication in bankruptcy. The second was the bankrupt's interest in an action at law brought by him as administrator of the estate of his deceased wife to recover for the wrongful death of his wife. The action was brought before bankruptcy for the benefit of the bankrupt and of three children of the decedent. The referee held that both rights passed to the trustee in bankruptcy.

■ 1. Commissions due the bankrupt on premiums received by an insurance company on policies placed by the bankrupt before bankruptcy pass to the trustee in bankruptcy, and it does not matter that the premiums were received after bankruptcy. It was so held in Re Wright (C.C.A.2) 157 F. 544, 18 L.R.A.(N.S.) 193, and the ruling has never been questioned.

■■ The bankrupt claims that the situation is different now, because of section 46 of the New York Personal Property Law (Consol.Laws, c. 41), passed in 1934 (Laws 1934, c. 738, § 1), to the effect that assignments of salary, wages, or commissions "to be earned in the future" shall be void if made to secure a debt less than $1,000. But the commissions here were not "to be earned in the future." They had been earned prior to bankruptcy, although not payable until later and then only on a contingency. Otherwise the trustee would have no interest in them, quite apart from the New York statute. See In re Wright, supra. The bankrupt also makes mention of the terms of his written contract of employment with the insurance company. On this it suffices to say that the written contract is not part of the record and cannot be considered.

■■ 2. The action which the bankrupt brought for the negligent killing of his wife was an action under the New York Decedent Estate Law (Consol.Laws, c. 13) §§ 130–134. The New York statute, derived from Laws 1847, ch. 450, gives a cause of action to the personal representative of the decedent, the damages recovered to go to the husband or wife and next of kin. By New York law the interest of surviving husband and next of kin in such a cause of action is a property right and assignable. Quin v. Moore, 15 N.Y. 432; Meekin v. Brooklyn Heights R. Co., 164 N.Y. 145, 58 N.E. 50, 51 L.R.A. 235, 79 Am.St.Rep. 635; Rice v. Postal Telegraph-Cable Co., 174 App.Div. 39, 160 N.Y.S. 172, affirmed 219 N.Y. 629, 114 N.E. 1081. See, also, Mella v. Northern S. S. Co. (C.C.N.Y.) 127 F. 416; 39 Harv.Law Review 263. The share of the bankrupt in the cause of action, being property which the bankrupt could have transferred prior to bankruptcy, became the property of his trustee in bankruptcy. Bankruptcy Act, § 70a, 11 U.S.C.A. § 110 (a). This was the result in Re Burnstine (D.C.Mich.) 131 F. 828, involving the Michigan statute. The court pointed out that the Michigan statute was modeled on the New York statute, and relied on the New York authorities referred to above.

■■ An action for personal injuries is unassignable in New York, but a suit for wrongful death is not classed as an action for personal injuries. The statutory definition of a "personal injury" as including an injury to the person either of the plaintiff "or of another" (New York General Construction Law [Consol.Laws, c. 22] § 37-a) does not comprehend an injury resulting in death. Contrary to the bankrupt's belief, the definition of "personal injury" in section 37-a is not a recent one; these or equivalent words go back at least as far as 1876. Injury to the person "of another" in the definition refers to loss of services, outlay for medical expenses, and so on.

The referee's order was right on both points and will be affirmed.