**In the Matter of Alex EDELMAN, Bankrupt.**

**No. 54703.**

United States District Court
E. D. New York.
Aug. 29, 1958.

Samuel B. Weingrad, New York City, for bankrupt.

Joseph D. Stim, Plainview, for trustee.

Sherman D. Warner, Jamaica, referee in bankruptcy.

ZAVATT, District Judge.

This is a petition to review the order of Referee Sherman D. Warner, dated June 16, 1958, directing The Maccabees,

the bankrupt's employer, to turn over to the Trustee all first year commissions and renewal commissions on insurance policies sold by the bankrupt on or prior to March 17, 1958, the date of adjudication, and ordering the bankrupt to turn over to the Trustee all such commissions which he may receive from The Maccabees and ordering the bankrupt to assign to the Trustee all of his right, title and interest in the commissions so earned by him on or prior to March 17, 1958.

The bankrupt contends that these commissions, to the extent that they are payable after March 17, 1958, are assets which cannot be reached by the Trustee; that these commissions, to the extent that they are payable after March 17, 1958, will be the product of his labors after the date of adjudication and, therefore, are not property subject to § 70, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 110. He contends, further, that, even assuming that they are assets which the Trustee may reach, he is entitled to the exemption specified in the New York Civil Practice Act, § 792.

The record of the proceedings before the Referee is inadequate for a proper review by the Court of the questions of law raised by the bankrupt on this petition to review, insofar as the contention of the bankrupt first hereinabove stated is concerned. As to the contention that the provisions of § 792 of the New York Civil Practice Act entitle him to an exemption, it is to be observed that the bankrupt claimed no exemption in his schedules, nor has he made timely motion to amend said schedules. Therefore, his present claim to any such exemption must fall. 11 U.S.C.A. § 25, sub. a(8); Gardner v. Johnson, 9 Cir., 1952, 195 F.2d 717; Remington on Bankruptcy, Vol. III, § 1280.

The record does not reveal that the Referee made any inquiry as to the terms of the contract of employment, if any, between the bankrupt and The Maccabees, nor as to what services, if any, the bankrupt will have to perform after the date of adjudication (even though they may constitute mere ministerial acts) in order to be entitled to the commissions on premiums paid after March 17, 1958.

This matter is referred back to the Referee to hear and determine these questions and to determine a fair basis of compensation to the bankrupt if the Referee finds that services by the bankrupt after March 17, 1958 are required as a condition of his right to receive commissions after March 17, 1958. See In re Wright, 2d Cir., 1907, 157 F. 544, 18 L.R.A.,N.S., 193; In re Leibowitt, 3 Cir., 1937, 93 F.2d 333, certiorari denied Stein v. Leibowitt, 303 U.S. 652, 58 S.Ct. 750, 82 L.Ed. 1113; In re Fahys, D.C.S.D. N.Y.1937, 18 F.Supp. 529.