■ In the Matter of the Claim of MARGARET CEBUL, as Administratrix of the Estate of GEORGE PANZIK, Deceased, Appellant, v. EQUITABLE BUILDING et al., Respondents, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* George Panzik filed a claim under section 16 of the Workmen's Compensation Law, for an award on account of the industrial death of his wife upon whom he was dependent. Accident and dependency were ultimately resolved in favor of the claim, but not before George's death. The board held there were no dependents entitled to an award and ordered payment to the two Special Funds under subdivision 9 of section 15 and section 25-a of the Workmen's Compensation Law. The administratrix of George Panzik's estate makes a persuasive argument that his estate is entitled to benefits at least to the time of his death. If this were a case of first impression we might agree on the basis of analogous authority issuing from law actions (*Van Beeck* v. *Sabine Towing Co.,* 300 U. S. 342, 347; *Greco* v. *Kresge Co.,* 277 N. Y. 26, 32; *Matter of Meekin* v. *Brooklyn Hgts. R. R. Co.,* 164 N. Y. 145). However, we are bound by the decision in *Matter of Chrystal* v. *United States Trucking Corp.* (225 App. Div. 712, aff'd. 250 N. Y. 566) where the award to the Special Fund was upheld on the ground there was no person entitled to an award. There, the employee died in

March, 1927 and his widow made a claim under section 16 on October 11, 1927. She died two weeks thereafter. Either the dependent's estate is entitled to an award up to the time of dependent's death, or it is not, and the courts in the *Chrystal* case have held the latter. (See, also, *Matter of White* v. *Donner Steel Co.*, 233 App. Div. 784, affd. 259 N. Y. 574.) We note in addition that if the deceased dependent's estate is entitled to an award under the cogent theory argued by appellant then it would seem immaterial how far through the board's machinery the dependent had progressed prior to death, barring, of course, the intrusion of statutory time limitations. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.