(65 App. Div. 170.)

### HODGES v. WEBBER.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

EXECUTORS—ADMINISTRATORS—DEATH—DAMAGES—ACTION—DEATH OF ADMINISTRATOR.

Under Code Civ. Proc. § 1902, providing that the executor or administrator of a decedent who has left a husband, wife, or next of kin may sue to recover damages for a wrongful act by which the decedent's death was caused, such action can be maintained only by such decedent's representative; and, where an administrator who had instituted such action died, it could not be continued by his executrix.

Appeal from special term, New York county.

Action by Nellie Hodges, executrix, against Richard Webber. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Eugene Lamb Richards, Jr., for appellant.
J. Arthur Corbin, for respondent.

INGRAHAM, J. The question presented upon this appeal is whether the personal representatives of a deceased administrator can continue an action commenced by such administrator to recover the

damages sustained by the death of the original plaintiff's intestate. The action was originally commenced by Julia Deevy as administratrix of John Deevy; the original complaint alleging the death of John Deevy by the negligence of the defendant; the appointment of Julia Deevy as his administratrix; that the plaintiff was the widow of the said John Deevy, depending upon him for support; and that by reason of the death of her husband she had suffered damage in the sum of $20,000. The defendant answered, and subsequently, and before the case could be tried, Julia Deevy, the administratrix, died, leaving a last will and testament, and letters testamentary were issued to the plaintiff. An application was then made to the court that the said action be continued in the name of this plaintiff as executrix of Julia Deevy; that she be substituted in the place of said Julia Deevy, the administratrix of John Deevy, deceased, as plaintiff in the action, and be allowed to serve an amended and supplemental complaint, which was granted. This plaintiff, as executrix of the last will and testament of Julia Deevy, deceased, then served an amended and supplemental complaint, alleging the death of John Deevy, caused by the negligence of the defendant; that the said John Deevy left, him surviving, at the time of his death, Julia Deevy, his widow, since deceased, the plaintiff's testatrix, and that she sustained damage by reason of the death of the said John Deevy, her husband, in the sum of $20,000; that this action was brought by said Julia Deevy as said administratrix subsequent to her appointment and qualification as such, and the said action continued until the death of the said Julia Deevy, which occurred at the city of New York on the 9th day of February, 1901; that said Julia Deevy left a last will and testament, by which the plaintiff was appointed executrix; and that she has duly qualified as such, and letters testamentary have been issued to her. Wherefore the plaintiff, as such executrix, namely, of Julia Deevy, the administratrix of John Deevy, deceased, demands judgment against the defendant in the sum of $20,000.

The cause of action thus sought to be enforced is one created by statute, by which the personal representatives of a person whose death is caused by the negligence of another can maintain an action to recover the pecuniary damages sustained by the next of kin of the deceased, caused by his death. The statute creating this cause of action (Code Civ. Proc. § 1902) provides that "the executor or administrator of a decedent, who has left him or her surviving a husband, wife or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused." This is "a new cause of action in favor of the personal representatives of the deceased, which is wholly distinct from, and not a revivor of, the cause of action which, if he had survived, he would have had for his bodily injury" (Meekin v. Railroad Co., 164 N. Y. 145, 153, 58 N. E. 50, 53, 51 L. R. A. 235, 238, 79 Am. St. Rep. 635, 641), and although this cause of action is for the benefit of the husband, wife, or next of kin of the decedent, it cannot be maintained by such husband, wife, or next of kin, but must be maintained by the personal representatives of the decedent. The personal representative of the deceased husband, commencing and

maintaining the action, acts in a strictly representative capacity; and the recovery is for the benefit of the next of kin, and must be distributed by the plaintiff (administrator or executor) as if it was an unbequeathed asset left in his hands after the payment of all debts and expenses of administration. Code Civ. Proc. § 1903. But it is the personal representative of the decedent, and such personal representative only, who is authorized to commence or maintain the action. It was the intention that but one action should be brought for the damages caused by the wrongful act, and thus, instead of allowing the person standing in the relation of husband, wife, or next of kin of the decedent to commence the action, it was the personal representative of the decedent who was authorized to commence and maintain it. It cannot be disputed but that the person who must commence the action was the personal representative of the decedent. Whether there were one or more persons who would be entitled to share in the recovery was entirely immaterial. Thus, an action having been commenced, it could be continued only by the person who was authorized to commence it, or by the successor of such person as the personal representative of the decedent. This is apparent from the nature of the cause of action created by the statute, and the duty devolved upon the personal representative as to a distribution of the proceeds. If there were more than one person entitled to a distributive share of any recovery, it is quite apparent that, to carry into effect the provisions of the statute, it would be necessary that the person who was to continue the action should be the successor of the personal representative of the decedent who commenced it. It can make no difference whether there were one or several beneficiaries who would be entitled to a distributive share of any recovery. There can be but one rule as to the person entitled to maintain the action, whether there are one or several persons entitled to a distributive share; and it is entirely immaterial that the person who happened to be the representative of the decedent was also the individual, or one of the individuals, who would be entitled to the recovery. If the person entitled to the recovery was a person other than the administrator, the death of the administrator would neither allow the action to be continued by the sole beneficiary nor by the representatives of the deceased administrator, and it would then be apparent that the person entitled to continue the action would be the successor of the administrator who had originally commenced the action; and the fact that the administrator was also the person entitled to the recovery could not change the rule as to the individual in whom the cause of action had vested, and in whose name the action was to be continued. There is nothing in any of the cases cited by counsel for the respondent that is opposed to this principle. In fact, in each case it was the successor of the administrator who had commenced the action who was granted leave to continue it. Thus, in Meekin v. Railroad Co., supra, the substituted administratrix continued an action in which the original administrator was the plaintiff; and it was that motion that was granted, and which was approved by both the appellate division and the court of appeals. It is true that in that case the court held that the cause of

action created by the statute was to enforce a right of property which had become vested in the beneficiaries at the moment of death, and which could be converted into money by a statutory action brought for their benefit by the personal representatives, who were simply trustees for that purpose. There was, however, nothing in the case that held that upon the death of the trustee the beneficiaries were given a right to maintain the action. On the contrary, the court, i affirming the order making the successor of the original administrator a party plaintiff, necessarily held that such a successor was the proper person to be substituted as plaintiff to enforce the action on behalf of the beneficiaries. It seems to me clear that the proper course, where the executor or administrator dies, is to have a successor appointed by the proper authorities, and to continue the action in the name of such successor.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of such costs. All concur.