(78 Misc. Rep. 657.)

PEOPLE ex rel. CUSICK v. DALY, Sheriff.

(Supreme Court, Niagara County, at Chambers. December 28, 1912.)

1. INDIANS (§ 38*)—CRIMINAL PROSECUTION—JURISDICTION—"INDIAN RESER-
VATION."

Cr. Code U. S. § 328 (Act March 4, 1909, c. 321, 35 Stat. 1151 [U. S.
Comp. St. Supp. 1911, p. 1685]), provides that all Indians committing
assaults or other crimes against other Indians within the boundary of
any state and within the limits of any Indian reservation, shall be sub-
ject to the same laws and penalties as persons committing any of such
crimes within the exclusive jurisdiction of the United States. The Tus-
carora Indians, on the Tuscarora reservation, in Niagara county, were
never settled thereon by the United States government, but acquired it
by purchase. Relator, a Tuscarora Indian, after conviction and impris-
onment for assault in the first degree on another Indian of the same
tribe on such reservation, brought habeas corpus on the ground that his
offense was within the exclusive jurisdiction of the United States courts.
Held, that the Tuscarora reservation was not an Indian "reservation,"
which within the meaning of the statute is a part of the public domain,
set apart either by act of Congress, by treaty, or by executive order for
the use and occupation of Indians, and hence the Tuscarora reservation
was within the sovereignty and jurisdiction of the state of New York.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec.
Dig. § 38.*

For other definitions, see Words and Phrases, vol. 4, p. 3549.]

2. INDIANS (§ 28*)—APPROPRIATE JURISDICTION OF STATE COURTS.

Estates of deceased members of the Tuscaroras, living on the Tus-
carora reservation in Niagara county, may be administered in the Surro-
gate's Court for that county.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 21; Dec. Dig.
§ 28.*]

3. INDIANS (§ 27*)—SUMMARY PROCEEDINGS—JURISDICTION OF STATE COURTS.

Summary proceedings to recover possession of lands on the Tuscarora
reservation, in Niagara county, may be maintained in the state courts.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 19, 20; Dec.
Dig. § 27.*]

Habeas corpus by Webster Cusick against Dennis W. Daly, Sheriff
of Niagara County. Relator remanded to custody of sheriff.

W. E. Lockner, of Lockport, for relator.
Burt A. Duquette, Asst. Dist. Atty., of Lockport, for defendant.

POUND, J. [1] Relator, a Tuscarora Indian, is imprisoned in Ni-
agara county jail, awaiting trial under an indictment found in this
court charging him with assault in the first degree, committed on the
person of another Tuscarora Indian on the Tuscarora reservation, in
this county. He claims that his detention is illegal under the provi-
sions of section 328 of the United States Criminal Code (Act March
4, 1909, c. 321, 35 Stat. 1151 [U. S. Comp. St. Supp. 1911, p. 1685])
which reads as follows:

"Sec. 328. All Indians committing against the person or property of an-
other Indian or other person any of the following crimes, namely—murder,
manslaughter, rape, assault with intent to kill, assault with a dangerous
weapon, arson, burglary, and larceny, within any territory of the United

States, and either within or without an Indian reservation, shall be subject therefor to the laws of such territory relating to said crimes, and shall be tried therefor in the same courts and in the same manner and shall be subject to the same penalties as are all other persons charged with the commission of said crimes, respectively; and the said courts are hereby given jurisdiction in all such cases. And all such Indians committing any of the above named crimes against the person or property of another Indian or other person *within the boundaries of any state of the United States, and within the limits of any Indian reservation,* shall be subject to the same laws, tried in the same courts and in the same manner, and be subject to the same penalties as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States."

Notwithstanding the numerous authorities cited on the brief of the learned counsel for the relator to sustain the general position that such crimes, committed on Indian reservations, are exclusively within the jurisdiction of the United States courts, I am of the opinion that the state of New York has jurisdiction over criminal offenses committed by Indians upon the person of other Indians within the limits of the Tuscarora reservation, so called. The Tuscarora Indians came originally from North Carolina, and acquired their lands by purchase from the Seneca Nation of Indians and the Holland Land Company. It does not appear that, as in the case of the Western Indians, the United States government ever settled them on such lands or set the same apart for their use. An Indian reservation, within the meaning of Act March 3, 1885, c. 341, § 9, 23 Stat. 385, now section 328, United States Criminal Code (Act March 4, 1909, above quoted), may be defined as being:

"A part of the public domain set apart by proper authority for the use and occupation of a tribe or tribes of Indians. It may be set apart by act of Congress, by treaty, or by executive order." Forty-Three Cases Cognac Brandy (C. C.) 14 Fed. Rep. 539.

It was said in the case of U. S. v. Thomas, 151 U. S. 577, 585, 14 Sup. Ct. 426, 429 (38 L. Ed. 276) decided long after the relator's leading case of U. S. v. Kagama, 118 U. S. 375, 6 Sup. Ct. 1109, 30 L. Ed. 228, that:

"The Indians of the country are considered as the wards of the nation, *and whenever the United States set apart any land of their own as an Indian reservation,* whether within a state or territory, they have full authority to pass such laws and authorize such measures as may be necessary to give these people full protection in their persons and property, and to punish all offenses against them or by them within such reservations."

If a tribe of Indians purchases its own domain and voluntarily locates itself thereon, the tract is not a "reservation," nor outside the sovereignty and jurisdiction of the state. The policy of the state has been to extend its civil and criminal jurisdiction over the Tuscarora "reservation," and to me this policy seems wise and proper, in the interests of law and order, for the protection of the Indians themselves, and for the preservation of the public peace. Benson v. U. S. (C. C.) 44 Fed. 178, 182, 183.

[2, 3] It has been held that estates of deceased members of the Tuscaroras may be administered in Niagara County Surrogate's Court (Matter of Printup, 121 App. Div. 322, 106 N. Y. Supp. 74), and that

summary proceedings to recover possession of lands on the reservation may be maintained in the state courts (Peters v. Tallchief, 121 App. Div. 309, 106 N. Y. Supp. 64).

Peters v. Malin (C. C.) 111 Fed. 244, 250, is not in conflict with my conclusions, for the Tuscarora Indians were never, as were the Sac and Fox Indians in that case, removed by the United States to their present reservation; at least, it does not so appear in this proceeding.

Prisoner remanded to the custody of the sheriff of Niagara county.