JAMES T. BRAXTON, as Administrator, etc., of IDA BRAXTON, Deceased, Plaintiff, *v.* MAX LEFKOVITZ and Another, Appellants.

LAURA CORBIN, as Administratrix, etc., of JAMES T. BRAXTON, Deceased, Respondent.

First Department, June 1, 1923.

Parties — substitution of plaintiff — action by administrator for wrongful death of his wife — administratrix of administrator cannot be substituted on death of latter — successor to administrator is proper party plaintiff.

Where an administrator, who is suing to recover for the wrongful death of his wife, dies, his successor as administrator of his wife's estate is the proper party plaintiff to continue the action and the administratrix of his estate cannot be substituted as party plaintiff.

APPEAL by the defendants, Max Lefkovitz and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of January, 1923, granting a motion of Laura Corbin, as administratrix, etc., of James T. Braxton, deceased, to be substituted as plaintiff in place of James T. Braxton, as administrator, etc., of Ida Braxton, deceased.

*James J. Mahoney*, for the appellants.

*George B. Class*, for the respondent.

McAvoy, J.:

The original plaintiff, pursuant to section 130 *et seq.* of the Decedent Estate Law (as added by Laws of 1920, chap. 919), which re-enacted section 1902 *et seq.* of the Code of Civil Procedure, sued as administrator to recover for the pecuniary loss occasioned by his wife's death. He died pending the action, and the administratrix of his estate has been substituted to continue the suit. The action belongs to his wife's estate, but no administrator of her estate has been appointed in his place.

There is no ruling supporting this practice, but a syllabus in *Matter of Meekin* v. *Brooklyn Heights R. R. Co.* (164 N. Y. 145) seemed to the learned Special Term to allow the substitution. That case is not authority for such method of revivor. It merely holds that the action survives after the death of a sole administrator who was also sole next of kin, as the right of property in the action belonged to the estate, and after the sole next of kin died, those who were next entitled to the estate's property were proper distributees of any recovery realized. In fact the syllabus states that the successor of the sole administrator, " as administratrix of the decedent may be substituted as plaintiff therein." There is, however, direct authority in a ruling of this court for the substitution as plaintiff, in an action of this kind, of the successor to the administrator of the person's estate whose death was caused by wrongful act, and for the benefit of whose next of kin the action was originally brought.

*Hodges* v. *Webber* (65 App. Div. 170) points out that in *Matter of Meekin* v. *Brooklyn Heights R. R. Co.* (*supra*) there is nothing that holds that upon the death of the trustee (*sic*) the beneficiaries were given a right to maintain the action.

The opinion of Mr. Justice INGRAHAM in that case concludes: " On the contrary, the court in affirming the order making the successor of the original administrator a party plaintiff, necessarily held that such a successor was the proper person to be substituted as plaintiff to enforce the action on behalf of the beneficiaries. It seems to me clear that the proper course, where the executor or administrator dies, is to have a successor appointed by the proper authority and to continue the action in the name of such successor."

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to apply for substitution of the successor appointed to succeed the deceased administrator.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to apply for substitution as party plaintiff of the successor appointed to succeed the deceased administrator.