MARTHA HILL, Plaintiff, *v.* JAMES SHAFTY, Defendant.

Supreme Court, Onondaga Special Term, June (Received August, 1923).

**Indians — a widow of an Indian cannot maintain an action for the wrongful death of her husband.**

An Indian woman cannot maintain an action in her individual name to recover damages for causing the death of her husband, also an Indian, by wrongful act, and upon granting a motion to dismiss the complaint the court is without power to allow costs against the plaintiff.

MOTION by defendant under rule 106 of the Rules of Civil Practice to dismiss the complaint upon the ground that it appears on the face thereof that said complaint does not state facts sufficient to constitute a cause of action.

*George R. Fearon,* for motion.

*Irving H. Lessen,* opposed.

EDGCOMB, J. Plaintiff, an Onondaga Indian, brings this action in her individual name to recover damages which she claims to have sustained by reason of the wrongful death of her husband, Martin Hill, also an Indian, which she alleges was caused by the negligence of the defendant.

Defendant moves, pursuant to the provisions of rule 106 of the Rules of Civil Practice, to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The particular defect complained of is that the action is brought by the wife in her individual rather than her representative capacity as executor or administrator of the estate of the decedent. There is no allegation in the complaint that any such executor or administrator has ever been appointed or that any proceeding has ever been instituted in the Surrogate's Court for that purpose.

18

Actions to recover damages for causing death were unknown to the common law. They are purely a creature of the statute. *Stuber* v. *McEntee,* 142 N. Y. 200, 203; *Debevoise* v. *New York, L. E. & W. R. R. Co.,* 98 id. 377.

The statute permitting such actions to be maintained now constitutes section 130 of the Decedent Estate Law, and provides as follows: " The executor or administrator duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country, of a decedent who has left him or her surviving a husband, wife or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of decedent by reason thereof if death had not ensued."

It will be noted that the legislature has only given the right to maintain such action to the executor or administrator of the deceased person. It has not granted such privilege to an individual.

But it is claimed by the plaintiff that an exception should be made in this case and that she should be permitted to maintain this action. The complaint alleges that the decedent and his widow were Onondaga Indians and were subject to and were governed by the rules and tribal laws of that tribe; that in accordance with the Indian laws and customs the relatives and next of kin of the decedent held a " Dead feast," at which ceremony all the property and goods of said Martin Hill were bequeathed to and became vested in the plaintiff. It is urged, therefore, that she individually owns this cause of action, and can take a short cut and bring the action in her name.

This certainly is not a compliance with the statute. It is true that the provision is a remedial one and should, therefore, be liberally construed. But the court has no right to amend the statute in an effort to construe it. With equal propriety might it be urged that a white woman, who alone was entitled to all the moneys received in an action brought to recover damages for the death of her husband, could maintain such action in her individual name. I take it that no such claim could be successfully urged.

But it is said that the Surrogate's Court has no jurisdiction and cannot appoint an executor or administrator of an Onondaga Indian, and that unless she is allowed to prosecute this action as an individual, plaintiff is caught between the millstones and deprived of a chance to present her claim to a jury, simply because she is an Indian instead of a white woman. Whether the Surrogate's Court of Onondaga county has jurisdiction over the estate of decedent is not here and need not be decided. The fact that the door

of one court is shut to a party, and he is out in the cold unless he can enter the door of another court, is no excuse for breaking in the latter door, where the legislature has said that that entrance can only be opened in a particular way, and where the party does not have the right key.

It is true that this court is open to plaintiff the same as if she were a citizen. Indian Law, § 5. But the statute does not give the plaintiff any greater right than it gives its own citizens, and if a citizen would be powerless to maintain this action in the shape it is in, plaintiff certainly is not immune from the requirements prescribed for actions of this nature.

If we were to admit that there is some force in plaintiff's claim, the complaint is still faulty. There is no allegation that the plaintiff individually owns this cause of action. True the complaint alleges that all the property and goods of Martin Hill were bequeathed to the plaintiff. It may be said that the distribution of the property of a deceased Indian according to their customs passes good title. *Dole* v. *Irish,* 2 Barb. 639; *George* v. *Pierce,* 85 Misc. Rep. 105. But this cause of action never belonged to the decedent; it was never his property; it forms no part of the assets of his estate; any money received is not subject to the payment of his debts. The liability on the part of the defendant did not exist during the life of the decedent. It accrued only upon his death. Decedent Estate Law, § 133; *Stuber* v. *McEntee, supra.*

There is no intention to give a remedy in every case where a decedent was killed by reason of the negligence of some third party. The right to recover has been denied where a resident of this state has been killed beyond the boundaries of this commonwealth and plaintiff has failed to show a similar statute in the state where the accident occurred. *Debevoise* v. *New York, L. E. & W. R. R. Co., supra.*

It follows, therefore, that this action cannot be maintained in the individual name of the plaintiff. As I view this case it would be useless to allow plaintiff to plead anew or amend. The defects could not be corrected in that manner.

I have no right to allow costs against an Indian. *Peters* v. *Tallchief,* 121 App. Div. 309.

Motion granted, without costs.

Ordered accordingly.