SUSAN CROUSE, as Administratrix, etc., of DELLA BUCKTOOTH, Deceased, Plaintiff, *v.* NEW YORK STATE RAILWAYS, Defendant.

Supreme Court, Onondaga County, April 14, 1925.

Executors and administrators — appointment and qualification — action under Decedent Estate Law, § 130, to recover damages for death of plaintiff's daughter — plaintiff, an Onondaga Indian, residing on Onondaga Indian Reservation, designated administratrix of decedent's estate at Indian dead feast in accordance with tribal law, is not personal representative contemplated by statute — complaint dismissed.

Plaintiff, an Onondaga Indian, residing on the Onondaga Indian Reservation, though designated as the administratrix of her daughter's estate at an Indian dead feast on said reservation, had pursuant to the Indian law, practice and custom of her tribe, is not the personal representative contemplated by section 130 of the Decedent Estate Law, since the designation at the Indian ceremony was without warrant of law and void; and, therefore, her complaint in an action brought under section 130 of the Decedent Estate Law should be dismissed.

MOTION by defendant for judgment under rule 106 of the Rules of Civil Practice.

*Welch & Welch,* for the plaintiff.

*Cannon, Spencer & Michell,* for the defendant.

CHENEY, J.:

The action is brought pursuant to section 130 of the Decedent Estate Law to recover damages for death by wrongful act.

Defendant moves for judgment dismissing the complaint upon the grounds that it appears on the face thereof that the plaintiff has not legal capacity to sue, and that the complaint does not state facts sufficient to constitute a cause of action.

The question to be determined is whether the plaintiff can maintain the action, as the complaint in all other particulars contains appropriate allegations constituting a cause of action under that statute.

The statute provides that " the executor or administrator duly appointed in this State, or in any other State, territory or district of the United States, or in any foreign country, of a decedent who has left him or her surviving a husband, wife or next of kin, may maintain an action," etc. The complaint states that the decedent, Della Bucktooth, left her surviving a husband and two children; that at the time of her death she was an Onondaga Indian and resided on the Onondaga Indian Reservation and was a member of the Onondaga Indian nation or tribe; that plaintiff is the mother

of said decedent and resides on said Onondaga Indian Reservation and is an Indian woman and a member of the Onondaga Indian nation or tribe; that within ten days after the death of the decedent an Indian dead feast was held pursuant to the Indian law, practice and custom of said tribe, and plaintiff then and there proclaimed her right to be administratrix of said decedent, and was then and there duly, legally and lawfully appointed such administratrix as provided by law, and duly accepted the trust and letters of administration were duly, legally and lawfully issued to her and she entered upon the discharge of her duties as such and is now acting as such administratrix; that said Onondaga Reservation is part of the territory of the State of New York, and is a territory or district of the United States; that plaintiff as the mother of decedent was solely entitled to be appointed the administratrix of decedent and to administer her estate as provided by law and the law and customs of the Onondaga Indian nation or tribe if she asserted her rights by having a dead feast within ten days after the death of said decedent.

No allegation is made that plaintiff was appointed administratrix of the decedent in any other manner, or by any other authority.

Defendant challenges the right of plaintiff to maintain the action. Citation of authority is unnecessary upon the propositions that an action to recover for wrongful death is purely a statutory action, and can only be maintained in the statutory manner, by the person therein named and for the benefit of the persons therein named. By this statute originally passed in 1847, and continued in all essential particulars in the Decedent Estate Law, an entirely new cause of action was created, based upon the wrongful act by which the death was caused, for the benefit of the husband, wife and next of kin to reimburse them for the pecuniary loss suffered by the death. The action can only be prosecuted by the executor or administrator of the decedent, but any recovery in the action is not a part of the estate of the decedent, but belongs exclusively to the beneficiaries, to whom it must be distributed. (*Stuber* v. *McEntee*, 142 N. Y. 200.) Hence it has been held that the executor or administrator is only a nominal party charged with the duty to prosecute the action as a trustee for the beneficiaries. (*Hegerich* v. *Keddie*, 99 N. Y. 258; *Matter of Meekin* v. *Brooklyn Heights R. R. Co.*, 164 id. 145; *Kelliher* v. *N. Y. C. & H. R. R. R. Co.*, 212 id. 207; *Hamilton* v. *Erie R. R. Co.*, 219 id. 343.) Although the personal representative is but a formal party, he is nevertheless a necessary party. Consequently the action cannot be brought by those who by virtue of the statute would be entitled to the recovery (*Hill* v. *Shafty*, 121 Misc. 273), and in case of the death of an admin-

istrator his successor as administrator of the decedent must be appointed and the action revived and continued in the name of the successor administrator. (*Braxton* v. *Lefkovitz,* 205 App. Div. 652.)

The statute also points out distinctly by what authority this nominal party shall be designated " the executor or administrator duly appointed in this State, or in any other State, territory or district of the United States or a foreign country." . That plainly refers to the person appointed by any court or tribunal possessing probate powers in this State, or any other State, territory or the District of Columbia in the United States or in any foreign country, to administer the affairs of a decedent. Plaintiff makes an interesting argument, which raises the difficult and vexing question of the status of Indian tribes, in aid of his contention that a so-called administrator appointed under the tribal laws and customs of the Onondaga Indians is such an administrator as is contemplated by the statute. I am, however, prevented from going into that question by the decisions of the Appellate Division in this department in *Peters* v. *Tallchief* (121 App. Div. 309); *Matter of Printup* (Id. 322) and *Hatch* v. *Luckman* (155 id. 765). The latter case discredits, if not expressly overrules, *Dole* v. *Irish* (2 Barb. 639), and holds that the " dead feast," according to Indian custom, has never been recognized in law as having any legal existence in this State, and that its attempt to administer and divide the lands and property of the deceased, as to which its power in any event must be limited, was wholly without warrant of law, and void. That case has been distinguished and not followed in the case of *George* v. *Pierce* (85 Misc. 105), but even if this latter case should be held to be controlling in the matter of the distribution of the property of a deceased Onondaga Indian, it is quite evident that an administrator appointed by any such illy defined tribal custom is not the personal representative contemplated by the Decedent Estate Law.

The motion is, therefore, granted, and the complaint dismissed, with costs.