SUSAN CROUSE, as Administratrix, etc., of DELLA BUCKTOOTH, Deceased, Appellant, *v.* NEW YORK STATE RAILWAYS, Respondent.

Fourth Department, December 23, 1925.

Executors and administrators — action by alleged administratrix of Onondaga Indian to recover damages for wrongful death — capacity to sue — said administratrix was appointed at death feast following death of intestate and in accordance with custom of tribe — said administratrix does not have capacity to sue under Decedent Estate Law, § 130 — only administratrix regularly appointed by Surrogate's Court, under Surrogate's Court Act, § 89, may maintain action.

An administratrix of an Onondaga Indian does not have capacity to sue under section 130 of the Decedent Estate Law to recover for the death of her intestate which was caused by the negligence of the defendant, an Onondaga Indian, where it appears that she was appointed administratrix at a death feast, following

the death of the intestate, in accordance with the custom of the said Indian tribe, for the only person who may sue under section 130 of the Decedent Estate Law is an administratrix or representative of the decedent duly and properly appointed as such by the Surrogate's Court under section 89 of the Surrogate's Court Act.

APPEAL by the plaintiff, Susan Crouse, as administratrix, etc., from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 28th day of May, 1925, granting defendant's motion under rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it appears on the face thereof that the plaintiff has not legal capacity to sue and that the complaint does not state facts sufficient to constitute a cause of action; also from a judgment entered in said clerk's office on the same day pursuant to said order, and also from an order entered in said clerk's office on the 9th day of June, 1925, denying plaintiff's motion for an order vacating, setting aside and reversing said order dismissing the complaint.

The opinion of the Special Term is reported in 124 Miscellaneous, 780.

*Welch & Welch* [*Walter J. Welch* of counsel], for the appellant.

*Gannon, Spencer & Michell* [*Charles E. Spencer* of counsel], for the respondent.

PER CURIAM:

This is an action to recover damages for death alleged to have been caused by defendant's negligence. The complaint alleges that the deceased was an Onondaga Indian, residing on the Onondaga Reservation, and that the plaintiff is an Onondaga Indian residing on said reservation; that within ten days after the death of decedent, a death feast was held at which the plaintiff proclaimed her right to be administratrix of said deceased, was duly appointed and is now acting. It is also alleged that said proceeding was in accordance with the custom of the said Indian tribe. Upon a motion for judgment upon the insufficiency of the pleading, the complaint was dismissed upon the ground that the plaintiff has not legal capacity to sue and that the complaint does not state facts sufficient to constitute a cause of action.

Under section 5 of the Indian Law the Supreme Court has jurisdiction of actions where an Onondaga Indian is plaintiff. That tribe does not have a Peacemakers' Court. (*George* v. *Pierce,* 85 Misc. 105.) That case and *Mulkins* v. *Snow* (232 N. Y. 47) and many other cases where questions of Indian law are involved treat of property rights of Indians. The *George* case holds that where,

at the death feast, property of a deceased Indian is disposed of according to the ancient custom of the Onondaga Indians, such action is binding on the State courts. No such question is presented here.

Section 130 of the Decedent Estate Law (as added by Laws of 1920, chap. 919) continued a new cause of action given in sections of the Code of Civil Procedure and its antecedents. (See Code Civ. Proc. § 1902 *et seq.*, as amd.; Laws of 1847, chap. 450, as amd.) If a party desires to avail himself of that cause of action he must proceed as therein provided. The only person who can maintain such action is an administrator or executor duly appointed. The Indians are not discriminated against by such condition. There is no reason why a Surrogate's Court could not appoint an Onondaga Indian as administrator with limited letters under section 89 of the Surrogate's Court Act. To give a right of action and to hold that the State courts are open to Indians and then prevent an Indian from proceeding by refusing to appoint him administrator is unreasonable. All that the plaintiff had to do was to apply to the Surrogate's Court for limited letters. If that court had refused to act an appeal could have been taken.

This court has passed upon that question. (*Matter of Printup*, 121 App. Div. 322; *Hatch* v. *Luckman*, 155 id. 765.) It is true that those cases were distinguished in the *George* case, but not upon the ground involved in this case. The plaintiff is not a duly appointed administratrix within the meaning of section 130 of the Decedent Estate Law. The complaint was properly dismissed and the orders and judgment should be affirmed, with costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment and orders affirmed, with costs.