NICOLA SAPONE, as Administrator, etc., of PAUL SAPONE, Deceased, Plaintiff, *v.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Defendant.

GIOVANNI MARTINA, as Administrator, etc., of CAMBELLA SAPONE, Deceased, Plaintiff, *v.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Defendant.

Supreme Court, Monroe County, November 15, 1927.

Executors and administrators — capacity to sue — action for negligence of defendant in causing death of plaintiffs' intestates in fatal automobile accident in Province of Quebec — Civil Code of Lower Canada, § 1056, bars executors and administrators from suing in such action — new parties cannot be substituted under Civil Practice Act, § 192 — defendant did not waive its right to object to legal capacity of plaintiffs to sue — complaints dismissed.

Plaintiffs, as administrators of the estates of two victims of a fatal automobile accident in the Province of Quebec, have no legal capacity to sue to recover for the alleged negligence of the defendant in causing their deaths, since section 1056 of the Civil Code of Lower Canada, which governs as to the substantive rights of plaintiffs and gives any authority there may be for suit, bars an executor or administrator from suing in such an action as this; the statute of said Province limits the right to sue to the consort and the ascendant and descendant relatives of the deceased.

While section 192 of the Civil Practice Act gives the court at any stage of the action the authority to add or substitute new parties, if proper parties could or should be substituted herein, they would be foreclosed from prosecuting the actions under a provision of section 1056 of the Civil Code of Lower Canada which sets up a one-year Statute of Limitations in a death action.

Defendant did not waive its objection that plaintiffs have no legal capacity to sue by having failed to move either to dismiss the complaints on that ground or for judgment on the pleadings, so that under the circumstances plaintiffs' complaints must be dismissed.

MOTION by defendant for nonsuit and dismissal of complaints in both cases.

*Harris, Beach & Matson* [*Carroll N. Whitman* of counsel], for the defendant, for the motion.

*John J. McInerney,* for the plaintiff, opposed.

RIPPEY, J.    The above-entitled actions numbered 17 and 22 respectively on the present Trial Term calendar of this court, were, upon motion of defendant, consolidated under section 96 of the Civil Practice Act.

The cases went to trial, plaintiffs' proofs are in and defendant now moves for a nonsuit and a dismissal of the complaints upon various grounds. The only two grounds which need be considered are (1) that plaintiffs have failed to establish the freedom

of plaintiffs' intestates from negligence contributing to the accident and to their deaths; and (2) that plaintiffs have failed to establish a cause of action against the defendant.

On July 3, 1925, one Joseph Fortuno of Rochester, N. Y., set out with his automobile on a trip to Montreal. He had with him four passengers, one Laura Piccarretti and her child and Paul and Cambella Sapone. At about one P. M. July fourth, while Fortuna was crossing railroad tracks near the village of Chateauquay in the Province of Quebec, Can., the car was struck by a passenger train and Mr. and Mrs. Sapone are claimed to have died as a result of injuries there received.

The accident happened and the cause of action arose in the Province of Quebec, Can. The persons killed were residents of the State of New York and their personal representatives bring the actions here to recover for the alleged negligence of defendant causing their deaths. It is the settled law, in personal injury cases, that the *lex loci* governs the rights of litigants while the *lex fori* controls matters relating to procedure such as the admissibility of evidence and as to establishing upon whom the burden of proof shall rest. (*Chicago, etc., R. R. Co.* v. *Vandenberg*, 164 Ind. 470; *Chicago & Northwestern R. Co.* v. *Tuite*, 44 Ill. App. 535; *Anderson* v. *Milwaukee & St. Paul R. Co.*, 37 Wis. 321; *Cincinnati, Lawrenceburg & Aurora Elec. St. R. R. Co.* v. *Klump*, 37 Ind. App. 660; *Kiefer* v. *Grand Trunk R. Co.*, 12 App. Div. 28; affd., 153 N. Y. 688.) Under the law in New York in force when the causes of action here arose, where it is sought to recover damages for causing death, the contributory negligence of the person killed shall be a defense to be pleaded and proven by the defendant (Decedent Estate Law, § 131, as added by Laws of 1920, chap. 919; Civ. Prac. Act, § 265), and if any possible hypothesis based on the evidence forbids the imputation of fault to the deceased as matter of law, the question is for the jury. (*Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233.) Plaintiffs were not required to show freedom from contributory negligence regardless of where the Canadian law may place the burden of proof and nonsuits should not be granted on the first ground urged. Nevertheless, in Canada the burden of showing negligence on the part of the persons injured is upon the defendant and, unless the negligence of the injured was such that without it the accident could not have happened, recovery will be apportioned according to the extent that the jury find that the negligence of the complainants contributed to the injury. (*Montreal Tramways Co.* v. *McAllister*, 51 Dominion Law, 429; *Montreal Tramways Co.* v. *McAllister*, 26 Quebec Off. Law, 174.) In the latter case (at p. 180) the court says:

" I take it to be the law that the injured person will have his damages reduced if his negligence has contributed, but that he can recover nothing if his negligence has caused the damage and the defendant's negligence has merely contributed. It is not the law that where there is common fault, both parties must bear a share of the damages. I consider that if each party sets in operation a cause adequate to produce the damage, and both causes have in fact operated, neither should recover from the other, because each can be said to have willed all the consequences.

" It will be realized that it is consistent with this view that, on the one hand, where the injured person has merely contributed, he is not on that account deprived of all recourse against the other party in fault, and it is possible, on the other hand, that the defendant may have been guilty of negligence connected with the damage and yet the injured person can recover nothing because his own negligence, being in itself an adequate cause for all of the damage, he cannot prove that the defendant's negligence did him any harm. How can he prove in such a case that the defendant's negligence caused him any damage when his own negligence has provided a sufficient cause for all the damage?"

The serious question here is whether plaintiffs have established causes of action against defendant or have legal capacity to sue.

The complaints appropriately set up causes of action under the laws of New York. As before stated, the Quebec law governs as to all the substantive rights of plaintiffs and gives any authority there may be for suit. If under the laws of Quebec there existed causes of action for the deaths of Sapone and his wife, the courts of this State will entertain actions for recovery unless public policy forbids. (*Wooden* v. *W. N. Y. & P. R. R. Co.*, 126 N. Y. 10; *Loucks* v. *Standard Oil Co.*, 224 id. 99; *Kiefer* v. *Grand Trunk R. Co.*, 12 App. Div. 28; affd., 153 N. Y. 688.) These actions are brought by administrators, appointed here, under section 130 of the Decedent Estate Law (as added by Laws of 1920, chap. 919). Only an executor or administrator is entitled to maintain an action under this section for wrongful death. An individual cannot bring such an action. (*Hill* v. *Shafty*, 121 Misc. 273; *Crouse* v. *N. Y. State Railways*, 214 App. Div. 678, affg. 124 Misc. 780.) It is well understood that the right to recover is purely statutory and that there is no such common-law right. (*Kiefer* v. *Grand Trunk R. Co.*, *supra; Canadian Pac. R. Co.* v. *Parent*, 33 Dominion Law, 12, 13.)

As the Canadian law is not contrary to public policy, the right to recover must depend upon the law of Quebec where the cause of action arose. (*Kiefer* v. *Grand Trunk R. Co.*, *supra.*) The Quebec law does not give an administrator any right to sue. Section 1056

of the Civil Code of Lower Canada, so far as material, reads as follows: " In all cases where the person injured by the commission of an offense or a quasi-offense dies in consequence, without having obtained indemnity or satisfaction, his consort and his ascendant and descendant relations have a right, but only within a year after his death, to recover from the person who committed the offense or quasi-offense, or his representatives, all damages occasioned by such death."

The plain wording of the statute indicates that only the consort and the ascendant and descendant relatives of the deceased have a right to sue but the English courts have so construed it.

In *Canadian Pac. R. Co.* v. *Parent* (33 Dominion Law, 12) upon appeal to the Privy Council of England, Viscount HALDANE delivering the opinion of the Board said: " It is settled by the decisions of this Board in *Robinson v. C. P. R. Co.* [1892] A. C. 481, and *Miller* v. *G. T. R. Co.* [1906] A. C. 187, that this article of the Code confers an independent and personal right, and not one conferred, as in the English statute known as Lord Campbell's Act, merely on the representatives as such of the deceased. In Manitoba and Ontario it is otherwise."

The English statute, known as Lord Campbell's Act (9 and 10 Vict. ch. 93), and chapter 78 of the Consolidated Statutes of the then Province of Canada (1859), differing in expression but the same in substance, grant a right of action to the representative of the deceased for the benefit of his next of kin where, if death had not ensued, the party would have been entitled to maintain an action. Where the cause of action arose in Quebec, the Civil Code of Lower Canada (Quebec, 1886) supersedes the foregoing English and Colonial acts. (*Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Robinson* v. *Canadian Pac. R. Co.*, L. R. [1892] A. C. 481.) Had the accident occurred in the Province of Ontario, Lord Campbell's Act and the general Canadian statute would control and the action might be maintained by the administrator of the deceased (*Kiefer* v. *Grand Trunk R. Co.*, 12 App. Div. 28; affd., 153 N. Y. 688), provided proof of those acts were properly made. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99; *Kiefer* v. *Grand Trunk R. Co.*, *supra;* *Johnson* v. *Phœnix Bridge Co.*, *supra.*) But here the accident occurred in the Province of Quebec and the representative is barred.

Section 192 of the Civil Practice Act authorizes the court at any stage of the cause as justice may require to add or substitute new parties. The following reasons why proper plaintiffs may not be substituted here, although not all inclusive, are sufficient: (1) If proper parties could and should be substituted, they would be

barred from prosecuting the actions under the one-year Quebec Statute of Limitation.    (Civil Code of Lower Canada, § 1056; *Johnson* v. *Phœnix Bridge Co., supra.*)    (2) They would be entirely new parties with different rights.    (*Pelzer* v. *United Dredging Co.,* 200 App. Div. 646; *Fischer* v. *Wabash R. Co.,* 235 N. Y. 568, affg. 203 App. Div. 840; *Weil* v. *New York Central R. R. Co.,* 235 N. Y. 570; *Johnson* v. *Phœnix Bridge Co., supra.*)

Defendant did not waive its objection that plaintiffs have no legal capacity to sue by having failed to move either to dismiss the complaint on that ground or for judgment on the pleadings. (*Wells* v. *Merrill,* 204 App. Div. 696.)

The motions for nonsuit and for dismissal of the complaints must be granted.

So ordered.